IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREGORY PAUL DAMM,            §
#24016111,                   §
                             §
            Petitioner,      §
                             §
v.                           §      No. 3:24-cv-01769-E (BT)
                             §
DALLAS COUNTY SHERIFF,       §
                             §
            Respondent.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Gregory Paul Damm—currently incarcerated in the Dallas County Jail and awaiting trial on a charge for failure to comply with sex offender registration requirements—filed a habeas application under 28 U.S.C. § 2241, challenging the legality of his detention. ECF No. 1; *see Texas v. Gregory Paul Damm*, F2332510 (203rd Jud. Dist. Ct., May 15, 2024).

For the reasons below, the Court should dismiss Damm's habeas claims without prejudice to pursue and exhaust available state remedies.

**Legal Standards and Analysis**

Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir.

2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)); *see also Jones v. Hendrix*, 599 U.S. 465, 475 (2023) (Section 2241 remains available where "a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*.") (emphasis added).

As for a state pretrial detainee, he may "raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. accepted* 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). "First, the petitioner must be in custody." *Id.* at *1 (citing 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Damm meets the first requirement because he is incarcerated in the Dallas County Jail.

"Second, the petitioner must have exhausted his available state remedies." *Id.* And:

> state remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973)). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1995); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Id.*; *see also Wickman v. Texas*, 2024 WL 3350540, at *1-2 (N.D. Tex. June 20, 2024), *rec. accepted* 2024 WL 3346293 (N.D. Tex. July 9, 2024).

Here, examination of public records shows that Damm has not presented his claims to the Texas Court of Criminal Appeals. TAMES Search (txcourts.gov) (search for Damm's trial court case number; last visited July 16, 2024). Therefore, he has failed to exhaust his claims, and the Court should dismiss this matter without prejudice to allow him to pursue and exhaust available state remedies.

## Recommendation

The Court should dismiss the pending habeas claims without prejudice to Petitioner Gregory Paul Damm's right to pursue and exhaust available state remedies.

SO RECOMMENDED.

July 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*